IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA DEMETRIUS BAIRFIELD,

    Petitioner,                          No. CIV S-06-2370 GEB DAD P

    vs.

SOLANO COUNTY SHERIFF DEPARTMENT,         ORDER AND

    Respondent.                   FINDINGS AND RECOMMENDATIONS

/

        Petitioner, an inmate confined in the Solano County Jail, has filed a petition for writ of habeas corpus on a form used in the California state courts. Petitioner has not paid the filing fee or submitted an application to proceed in forma pauperis.

        On the state form, petitioner indicates that he is challenging jail or prison conditions and that he is currently in jail awaiting trial on drug charges. Petitioner alleges that he was assaulted on April 13, 2006, by officers that work at the jail. Petitioner alleges that the officers violated his civil rights. Petitioner provides copies of his state tort claim and the notice of rejection of that claim. In an attachment dated October 20, 2006, petitioner requests six million dollars in damages.

/////

1

A federal district court cannot entertain a petition for writ of habeas corpus brought by a person in custody pursuant to state authority unless the habeas petition has been brought on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is available only for challenges to the duration or legality of a prisoner's confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

The habeas petition filed by the petitioner in this case must be dismissed because it does not state a basis for federal habeas corpus relief. <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases ("If it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."). Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (quoting <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1198 (9th Cir. 1983)).

The undersigned will recommend that the district judge dismiss this habeas action without prejudice to the filing of a civil rights complaint. The Clerk will be directed to provide petitioner with a civil rights complaint form and the appropriate in forma pauperis application form. If petitioner chooses to file a civil rights complaint, his complaint and in forma pauperis application must be submitted for filing as a new action. The case number assigned to this habeas case should not be included on the civil rights complaint, as a new case must be opened and a new case number will be assigned.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall send petitioner a civil rights complaint form and the in forma pauperis application used in civil rights actions in this district; and

IT IS RECOMMENDED that this action be dismissed without prejudice because it plainly appears from the face of the habeas petition that petitioner is not entitled to federal habeas corpus relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2006.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
bair2370.156