IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA DEMETRIUS BAIRFIELD,

    Petitioner,               No. CIV S-06-2370 GEB DAD P

    vs.

SOLANO COUNTY SHERIFF DEPARTMENT,

    Respondent.            <u>ORDER</u>

                                /

        Petitioner, an inmate confined in the Solano County Jail, commenced this action on October 26, 2006, with a state habeas petition challenging jail conditions and seeking damages.

        In this court's order and findings and recommendations filed November 2, 2006, petitioner was advised that federal district courts cannot entertain a habeas petition filed by a state prisoner unless the petition challenges the legality or duration of the petitioner's confinement. The undersigned recommended that the habeas petition in this case be summarily dismissed for failure to state a basis for federal habeas corpus relief. The undersigned further recommended, however, that the district judge dismiss this habeas case without prejudice to the filing of a civil rights action. The Clerk was directed to provide petitioner with a civil rights

complaint form and the appropriate in forma pauperis application form. Petitioner was advised that any civil rights complaint he might file should be submitted for filing as a new action. Petitioner was instructed not to place the case number assigned to this habeas case on the civil rights complaint, as a new case will be opened and a new case number will be assigned.

On November 20, 2006, petitioner submitted a civil rights complaint and an in forma pauperis application. The documents comply with the instructions included in the court's November 2, 2006 order and findings and recommendations. However, the complaint and in forma pauperis application were submitted with a separate document captioned for filing in this habeas case. The Clerk of the Court added the case number for this habeas case to petitioner's civil rights complaint and in forma pauperis application and filed both documents in this habeas case instead of opening a new civil rights action.

IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall note on the docket for this habeas case that documents #6 and #7 were filed in this case in error; and

2. The Clerk of the Court shall retrieve the original paper documents erroneously filed in this case, delete from each document the erroneously added habeas case number, scan the two paper documents in a new civil rights action opened with a November 20, 2006 case opening date, and assign the case in accordance with the court's random assignment procedure.

DATED: November 27, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
bair2370.docs

2